UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE COX, JR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:20-cv-01297-MTS |
| LYNN WOODARD, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Lynn Woodard's Motion to Dismiss. Defendant removed this case from the 21st Judicial Circuit Court of Missouri asserting that this Court has original jurisdiction since Plaintiff alleges "a deprivation of his federally secured rights as provided by the laws and Constitution of the United States of America." Doc. [1] ¶ 4. In addition, Plaintiff asserts that the Court has supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367. Defendant moves to dismiss this case arguing that the Complaint does not state a claim and that the Complaint "fundamentally fails to comply with the applicable rules of pleading." Doc. [6] at 3.

Plaintiff's Complaint is unintelligible.[1] Even holding Plaintiff, as a *pro se* litigant, to a lesser standard, the Complaint is incomprehensible. "[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983). The Complaint mentions a "Civil Rights Violation," and notes that the "Constitution is the Supreme law of the land." It also cites several opinions of the Supreme Court of the United States. But it does not assert any federal question. The "mere presence of a federal issue in a state cause of action does

---

[1] Plaintiff is no stranger to filing such suits. *See In re: Willie Cox, Jr., a/k/a/ Abbue-Jau*, 4:19-mc-965-RWS.

not automatically confer federal-question jurisdiction." *Connolly v. Union Pac. R. Co.*, 453 F. Supp. 2d 1104, 1108 (E.D. Mo. 2006) (quoting *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986)).

"[F]ederal jurisdiction exists only in those circumstances where a federal question is presented by a well-pleaded complaint" that shows "either federal law creates the cause of action" or that "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Connolly*, 453 F. Supp. 2d at 1108–09 (E.D. Mo. 2006) (citing *Franchise Tax Bd.*, 463 U.S. at 13; *accord Boldt v. N. States Power Co.*, 904 F.3d 586, 590 (8th Cir. 2018) (noting existence of federal-question jurisdiction typically depends on application of the "well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of [a] plaintiff's properly pleaded complaint.").

### Conclusion

Here, on this Complaint,[2] there is no federal question presented. As such, the Court remands. 28 U.S.C. § 1447(c) (providing that district courts "shall" remand a case removed from state court if at any time before final judgment "it appears the district court lacks subject matter jurisdiction").

Accordingly,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the 21st Judicial Circuit Court of Missouri. A separate Order of Remand will accompany this Memorandum and Order.

Dated this 10th day of May, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that if the "initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).